WILLIAM BLUMENTHAL
General Counsel

Kerry O'Brien (Cal. Bar No. 149264)
Linda K. Badger (Cal. Bar No. 122209)
Matthew D. Gold (NY Bar)
Federal Trade Commission
901 Market Street, Suite 570
San Francisco, CA 94103
Telephone: (415) 848-5189
Fax: (415) 848-5184
E-mail address: kobrien@ftc.gov

Attorneys for Plaintiff
Federal Trade Commission

CHAMBER COPY -
DO NOT FILE

RECEIVED

JAN 12 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

EMC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### San Francisco Division

CV 09 0124

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. _____ |
| Plaintiff, | [PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS MARKET DEVELOPMENT SPECIALISTS, INC., and JOHN LEVY |
| v. | |
| MARKET DEVELOPMENT SPECIALISTS, INC., a corporation, also d/b/a Wintergreen Systems, and | |
| JOHN LEVY, individually and as an officer of Market Development Specialists, Inc., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission") filed a Complaint for

Permanent Injunction and Other Equitable Relief ("Complaint") against Defendants Market

Development Specialists, Inc., and John Levy (collectively, "Defendants") pursuant to Section

13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure

permanent injunctive relief, restitution, disgorgement, and other equitable relief against

Defendants for their alleged deceptive acts or practices in connection with the offering of mail-in

rebates, in violation of Sections 5(a) of the FTC Act, 15 U.S.C. §§ 45(a).

Other than the allegations pertaining to jurisdictional facts and except as otherwise stated herein, Defendants deny the allegations in the Complaint. Defendants agree to the terms of the Order to avoid the uncertainties and costs of litigation.

The Commission and Defendants have stipulated to the entry of the following Order in settlement of the Commission's Complaint against Defendants. The Court, being advised in the premises, finds:

## FINDINGS

1.    This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties pursuant to 15 U.S.C. §§ 45(a) and 53(b) and 28 U.S.C. §§ 1331, 1337(a) and 1345.

2.    Venue in the Northern District of California is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

3.    The acts and practices of Defendants were and are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    The Complaint states a claim upon which relief can be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Commission has the authority to seek the relief it has requested.

5.    Defendants waive service of a summons and all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive any claims that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

6.    Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants, and their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise.

7.    Nothing in this Order obviates Defendants' obligation to comply with Section 5 of the FTC Act, 15 U.S.C. § 45.

1    8.    This Order was drafted jointly by the Commission and Defendants and reflects

2  the negotiated agreement of the parties. Each party reserves all rights not expressly addressed in

3  this Order.

4    9.    The paragraphs of this Order shall be read as the necessary requirements for

5  compliance and not as alternatives for compliance and no paragraph serves to modify another

6  paragraph unless expressly so stated.

7    10.    Each party shall bear its own costs and attorneys' fees.

8    11.    Entry of this Order is in the public interest.

9                                      **ORDER**

10                                  **DEFINITIONS**

11    For purposes of this Order, the following definitions shall apply:

12    1.    Unless otherwise specified, "Defendants" shall mean:

13    a.    Market Development Specialists, Inc., a corporation, also d/b/a Wintergreen

14          Systems, its managers, members, divisions and subsidiaries, and its successors

15          and assigns; and

16    b.    John Levy, individually and in his capacity as an officer of Market Development

17          Specialists, Inc.

18    2.    "Commerce" shall mean as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

19    3.    "Rebate" shall mean a check, cash, credit towards future purchases, or any other

20  consideration offered to consumers who purchase products or services, and which is to be

21  provided, subsequent to the purchase, to consumers who submit a request for redemption after

22  satisfying the terms and conditions of the offer.

23    4.    "Rebate program" shall mean any marketing program or plan in which a person

24  or entity offers a rebate to consumers.

25    5.    "Bonus" shall mean any premium, gift, award, or other consideration (whether in

26  the form of cash, credit, merchandise, or any equivalent) given or offered to a consumer in

27  exchange for purchasing a product or service.

28    6.    A requirement that any Defendant "notify," "furnish," "provide," or "submit" to

**[Proposed] Stipulated Final Judgment and Order**                          **Page 3 of 13**

1    the Commission shall mean that the Defendant shall send the necessary information via

2    overnight courier, costs prepaid, to:

3            Associate Director for Enforcement
             Federal Trade Commission
4            600 Pennsylvania Avenue, N.W.
             Washington, DC 20580
5            Attn: *FTC v. Market Development Specialists, Inc., et al.* (N.D. Ind.)
             Civ. No. _____ (___).
6

7    7.    The terms "and" and "or" in this Order shall be construed conjunctively or

8    disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than

9    exclusive.

10   8.    The term "including" in this Order shall mean "without limitation."

11

12   **IT IS STIPULATED, AGREED, AND ORDERED THAT:**

13                                              **I.**

14                          **PROHIBITED BUSINESS ACTIVITIES**

15   A.    Defendants, directly or through any corporation, partnership, subsidiary, division,

16         trade name, device, or other entity, and their officers, agents, servants, employees,

17         and all persons and entities in active concert or participation with them who

18         receive actual notice of this Order, by personal service or otherwise, are hereby

19         permanently restrained and enjoined from any involvement in the development,

20         marketing, fulfillment, or funding of any rebate program.

21   B.    Defendants, directly or through any corporation, partnership, subsidiary, division,

22         trade name, device, or other entity, and their officers, agents, servants, employees,

23         and all persons and entities in active concert or participation with them who

24         receive actual notice of this Order, by personal service or otherwise, in connection

25         with the manufacturing, labeling, advertising, promotion, offering for sale, sale,

26         or distribution of any product or service, in or affecting commerce, are hereby

27         permanently restrained and enjoined from making, or assisting others in making,

28         directly or by implication, any misrepresentation regarding any bonus.

## II.

## MONETARY JUDGMENT

A.  Judgment is hereby entered in favor of the Commission and against Defendants Market Development Specialists, Inc., and John Levy, jointly and severally, in the amount of \$330,240.00 for redress to consumers. Provided, however, that this judgment shall be suspended subject to the provisions of Part III.

B.  All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. If requested, Defendants will cooperate fully to assist Plaintiffs in identifying which consumers are eligible to receive redress funds. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Part. Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payment under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

C.  Defendants relinquish all dominion, control, and title to the funds paid, and all legal and equitable title to the funds shall vest in the Treasurer of the United States and in the designated consumers. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any Defendant, Defendants acknowledge that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

D.     Defendants agree that, if they fail to timely and completely fulfill the payment and other obligations set forth in this Order, the facts as alleged in the Complaint filed in this matter shall be taken as true in any subsequent litigation filed by the Commission to enforce its rights pursuant to this Order, including but not limited to a non-dischargeability complaint in any bankruptcy case.

E.     Proceedings instituted under this Part are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

F.     In accordance with 31 U.S.C. § 7701, Defendants are hereby required to furnish to the Commission their respective taxpayer identifying numbers (social security numbers or employer identification numbers) which shall be used for purposes of collecting and reporting on any delinquent amount arising out of the Defendants' relationship with the government.

## III.

## RIGHT TO REOPEN

A.     The Commission's agreement to this Order is expressly premised upon the financial condition of Defendants as represented in:

    1.     Financial Statement of Market Development Specialists, Inc., dated June 6, 2008; and

    2.     Financial Statement of John Levy, dated June 10, 2008,

all of which include material information upon which the Commission relied in negotiating and consenting to this Order.

B.     If, upon motion by the Commission, this Court finds that Defendants made a material misrepresentation or omitted material information concerning their financial condition, then the Court shall reinstate the judgment against Defendants and in favor of the Commission for the full amount of \$330,240.00 immediately due and payable, together with interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, less the sum of any payments previously made

[Proposed] Stipulated Final Judgment and Order           Page 6 of 13

1   pursuant to this Order.

2   C.   Any proceedings instituted under this Part are in addition to, and not in lieu of,

3        any other civil or criminal remedies as may be provided by law, including any

4        other proceedings that the FTC may initiate to enforce this Order.

5   **IV.**

6   **COMPLIANCE MONITORING**

7   For the purpose of monitoring and investigating compliance with any provision of this

8   Order,

9   A.   Within ten (10) days of receipt of written notice from a representative of the

10       Commission, Market Development Specialists, Inc., and John Levy each shall

11       submit additional written reports, sworn to under penalty of perjury; produce

12       documents for inspection and copying; appear for deposition; and/or provide

13       entry during normal business hours to any business location in such Defendant's

14       possession or direct or indirect control to inspect the business operation;

15  B.   In addition, the Commission is authorized to monitor compliance with this Order

16       by all other lawful means, including but not limited to the following:

17       1.   obtaining discovery from any person, without further leave of court, using

18            the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

19       2.   posing as consumers and suppliers to: Market Development Specialists,

20            Inc., John Levy, and their employees, and any other entity managed or

21            controlled in whole or in part by Market Development Specialists, Inc., or

22            John Levy, without the necessity of identification or prior notice; and

23  C.   Market Development Specialists, Inc., and John Levy shall permit

24       representatives of the Commission to interview any employer, consultant,

25       independent contractor, representative, agent, or employee who has agreed to

26       such an interview, relating in any way to any conduct subject to this Order. The

27       person interviewed may have counsel present.

28  Provided, however, that nothing in this Order shall limit the Commission's lawful use of

**[Proposed] Stipulated Final Judgment and Order**                    **Page 7 of 13**

1    compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

2    obtain any documentary material, tangible things, testimony, or information relevant to unfair or

3    deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. §

4    45(a)(1)).

## V.

## COMPLIANCE REPORTING BY DEFENDANTS

In order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order,

   1.    Individual Defendant John Levy shall notify the Commission of the following:

      a.    Any changes in residence, mailing addresses, and telephone numbers of Individual Defendant, within ten (10) days of the date of such change;

      b.    Any changes in employment status (including self-employment) of Individual Defendant, and any change in the ownership of the Individual Defendant in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that the Individual Defendant is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of the Individual Defendant's duties and responsibilities in connection with the business or employment; and

      c.    Any changes in the Individual Defendant's name or use of any aliases or fictitious names; and

   2.    Market Development Specialists, Inc., and John Levy shall notify the Commission of any changes in the corporate structure of Market Development Specialists, Inc., or any business entity that the Individual Defendant directly or indirectly controls, or has an ownership interest in,

that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, provided that, with respect to any proposed change in the corporation about which the Defendant(s) learns less than thirty (30) days prior to the date such action is to take place, Defendant(s) shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.  One hundred eighty (180) days after the date of entry of this Order, Market Development Specialists, Inc., and John Levy each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

1.  For the Individual Defendant:

    a.  The then-current residence address, mailing addresses, and telephone numbers of the Individual Defendant;

    b.  The then-current employment and business addresses and telephone numbers of the Individual Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of the Individual Defendant, for each such employer or business; and

    c.  Any other changes required to be reported under Subpart A of this Part.

2.  For all Defendants:

    a.  A copy of each acknowledgment of receipt of this Order, obtained pursuant to Part VII; and

1                    b.      Any other changes required to be reported under Subpart A of this

2                        Part.

3      C.      For purposes of the compliance reporting and monitoring required by this Order,

4           the Commission is authorized to communicate directly with Defendants Market

5           Development Specialists, Inc., and John Levy.

6                               **VI.**

7                  **RECORD KEEPING PROVISIONS**

8          For a period of eight (8) years from the date of entry of this Order, in connection with

9 any business involved in the manufacturing, labeling, advertising, promotion, offering for sale,

10 sale, or distribution of any product or service, Defendants and their agents, employees, officers,

11 corporations, successors, and assigns, and those persons in active concert or participation with

12 them who receive actual notice of this Order by personal service or otherwise, are hereby

13 restrained and enjoined from failing to create and retain the following records:

14      A.      A specimen copy of all advertisements;

15      B.      All materials that were relied upon in disseminating any representation covered

16           by this Order; and

17      C.      All written or electronic complaints relating to rebates (whether received directly,

18           indirectly, or through any third party) and any responses to those complaints.

19      D.      Accounting records that reflect the cost of goods or services sold, revenues

20           generated, and the disbursement of such revenues;

21      E.      Personnel records accurately reflecting: the name, address, and telephone number

22           of each person employed in any capacity by such business, including as an

23           independent contractor; that person's job title or position; the date upon which the

24           person commenced work; and the date and reason for the person's termination, if

25           applicable; and

26      F.      All records and documents necessary to demonstrate full compliance with each

27           provision of this Order, including but not limited to, copies of acknowledgments

28           of receipt of this Order and all reports submitted to the FTC pursuant to this

1    Order.

2                                    **VII.**

3                **DISTRIBUTION OF ORDER BY DEFENDANT(S)**

4        For a period of five (5) years from the date of entry of this Order, Defendants shall

5    deliver copies of the Order as directed below:

6        A.    Corporate Defendant: Market Development Specialists, Inc., must deliver a copy

7              of this Order to all of its principals, officers, directors, and managers. Market

8              Development Specialists, Inc., also must deliver copies of this Order to all of its

9              employees, agents, and representatives who engage in conduct related to the

10             subject matter of the Order. For current personnel, delivery shall be within (5)

11             days of service of this Order upon Defendant. For new personnel, delivery shall

12             occur prior to them assuming their responsibilities.

13       B.    Individual Defendant John Levy as Control Person: For any business that John

14             Levy controls, directly or indirectly, or in which John Levy has a majority

15             ownership interest, John Levy must deliver a copy of this Order to all principals,

16             officers, directors, and managers of that business. John Levy must also deliver

17             copies of this Order to all employees, agents, and representatives of that business

18             who engage in conduct related to the subject matter of the Order. For current

19             personnel, delivery shall be within (5) days of service of this Order upon

20             Defendant. For new personnel, delivery shall occur prior to them assuming their

21             responsibilities.

22       C.    Individual Defendant John Levy as employee or non-control person: For any

23             business where John Levy is not a controlling person of a business but otherwise

24             engages in conduct related to the subject matter of this Order, John Levy must

25             deliver a copy of this Order to all principals and managers of such business before

26             engaging in such conduct.

27       D.    Defendants Market Development Specialists, Inc., and John Levy must deliver a

28             copy of this Order to all current and future retailers who have entered or will enter

1            into a business relationship with the Defendant(s) before engaging in any conduct

2            related to the subject matter of this Order. For current retailers, delivery shall be

3            within (30) days of service of this Order upon Defendant. For new retailers,

4            delivery shall occur within thirty (30) days after the retailer enters into a business

5            relationship with the defendant.

6     E.      Defendants Market Development Specialists, Inc., and John Levy must secure a

7            signed and dated statement acknowledging receipt of the Order, within thirty days

8            of delivery, from all persons receiving a copy of the Order pursuant to this Part.

9 **VIII.**

10 **ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT(S)**

11         Each Defendant, within five (5) business days of receipt of this Order as entered by the

12 Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this

13 Order.

14 **IX.**

15 **RETENTION OF JURISDICTION**

16         This Court shall retain jurisdiction of this matter for purposes of construction,

17 modification and enforcement of this Order.

18     **IT IS SO ORDERED**, this ___ day of _____, 0 9 .

19

20

21                       ~~UNITED STATES DISTRICT JUDGE~~

22                       EDWARD M. CHEN
                      UNITED STATES MAGISTRATE JUDGE

23 **SO STIPULATED:**

24 WILLIAM BLUMENTHAL        MARKET DEVELOPMENT
    General Counsel                 SPECIALISTS, INC.

25 JEFFREY A. KLURFELD         By: John Levy, President
                                     Dated:   12/17/6

26 Regional Director

27

28

[Proposed] Stipulated Final Judgment and Order                Page 12 of 13

1

2

3   KERRY O'BRIEN
    LINDA K. BADGER
4   MATTHEW D. GOLD
    Federal Trade Commission
5   901 Market Street, Suite 570
    San Francisco, CA 94103
6   (415)848-5100
    (415)848-5184 (Fax)
7   Dated: ___1/9/09___

8   **ATTORNEYS FOR PLAINTIFF**

9

10

11

JOHN LEVY
Individually, and as an officer of Market
Development Specialists, Inc.
Dated: __12/12/08__

ALLAN B. COOPER, ESQ
Ervin, Cohen & Jessup LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212-2974
(310) 273-6333
(310) 859-2325 (Fax)
Dated: __12/18/08__

12   **ATTORNEY FOR DEFENDANTS**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Stipulated Final Judgment and Order                    Page 13 of 13